## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

CHARLES BROWN                                                                        PLAINTIFF

V.                                                                         NO. 4:13-CV-154-DMB-DAS

GLORIA WESLEY, et al.                                                               DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Charles Brown, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that Brown was incarcerated when he filed this suit. Defendants have filed a motion [35] for summary judgment. Brown has not responded to the motion, and the deadline to do so has expired. For the reasons set forth below, Defendants' motion for summary judgment will be granted, and judgment will be entered in their favor.

### Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines whether a fact is material. *Anderson*,

477 U.S. at 248 (stating that "materiality determination rests on substantive law"). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, 'there is no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Federal Sav. & Loan, Inc. v. Kralj*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### Undisputed Material Facts

The facts of this case are not in dispute. The Cleveland Mississippi Police Department arrested Brown on June 14, 2013, for failing to pay a fine for driving without a license. He was booked into the Bolivar County Regional Correctional Facility ("BCRCF"). An unknown employee of the jail, following BCRCF policy, ran a search for Brown with the National Crime Information Center ("NCIC"). The query revealed that Brown was a convicted sex offender with an outstanding warrant for a parole violation in Wisconsin. A notation on the report indicated Wisconsin's desire to extradite Brown and asked that he not

be released.  As a result, Lillie Pates contacted the authorities in Wisconsin and confirmed their intent to

extradite Brown.  Pates then asked Brown to sign a waiver of his right to challenge extradition, which he

refused to do.  As a result, he remained in jail until the State of Wisconsin obtained a "governor's warrant"

or "rendition warrant."  Wisconsin authorities arrived at the BCRCF on October 20, 2013, and transported

Brown back to Wisconsin.

### Extradition

Brown alleges that Defendants should have arranged for him to be brought before a judge so

he could challenge his extradition rather than simply turning him over to the State of Wisconsin after

its officials had obtained the proper documentation.  This allegation is wholly without merit.  As for

Pates, she contacted Wisconsin due to the "hold" in the NCIC report – an action which probably

comports with the policy of every jail in America – because the Extradition Clause contained in the

United States Constitution requires states to cooperate in the transport of fugitives.   Under the

Extradition Clause:

> A person charged in any State with Treason, Felony or other Crime, who shall flee
> from Justice, and be found in another State, shall on Demand of the executive
> Authority of the State from which he fled, be delivered up, to be removed to the State
> having Jurisdiction of the Crime.

U.S. CONST. ART. IV, § 2, cl. 2.  In addition, federal law sets forth the extradition procedure in 18

U.S.C. § 3182.  Brown's extradition records reveal that Pates obtained the correct documentation and

followed the prescribed procedure.

Brown's remedy in the present case was a *writ of habeas corpus*, rather than an action under 42

U.S.C. § 1983.  *See e.g. Good v. Allain*, 823 F.2d 64 (5th Cir. 1987) ("Although there is a federal right to

challenge extradition, and denial of that right can be the basis of a claim under 42 U.S.C. § 1983, …

challenges to extradition must be made by petition for a writ of habeas corpus where the permissible scope

of the challenge is very narrow.") .  His decision to proceed through § 1983 was a poor one, but it is not the

fault of the defendants in this case. Finally, in an unpublished opinion, the Fifth Circuit has held that a legally indistinguishable allegation was subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Ellis v. Hargrove*, 75 F. App'x 229, 230 (5th Cir. 2003) (there is no federal or state right to hearing prior to extradition). For these reasons, Defendants' motion for summary judgment [35] will be granted, and judgment will be entered in their favor.

   **SO ORDERED**, this the 4th day of September, 2014.


       **/s/ Debra M. Brown**
       **UNITED STATES DISTRICT JUDGE**